# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

       Plaintiff,              :            Case No. 1:11-cr-014
                                                  Also Case No. 1:13-cv-120

                                                    Chief Judge Susan J. Dlott
   -vs-                                     Magistrate Judge Michael R. Merz
                                           :

RICHARD T. BRUNSMAN, JR.,

       Defendant.


## SUPPLEMENTAL REPORT AND RECOMMENDATIONS


       This case is before the Court on Defendant's "Second Motion for Leave of Court to Amend His Motion to Vacate, Set Aside or Correct His Sentence Or in the Alternative for Reconsideration or in the Alternative Objection to the Decision and Order" (the "Second Motion," Doc. No. 56); the Government's Response to that Motion[1] (Doc. No. 59); and Defendant's Objections (Doc. No. 61) to the Magistrate Judge's Report and Recommendations (Doc. No. 60) on Defendant's Motion for Recusal (Doc. No. 58).  Chief Judge Dlott has recommitted the matter for reconsideration in light of these two sets of Objections (Doc. Nos. 57, 62).

---

[1] Defendant has not replied to this Response and the time for doing so has expired under S. D. Ohio Civ. R. 7.2.

1

**Magistrate Judge Authority on a Motion to Amend**

To take Brunsman's Objections in logical order, he begins by objecting to the Magistrate Judge's having decided the original Motion to Amend rather than having written a report and recommendations for decision by Chief Judge Dlott. He asserts that his Motion to Amend is in fact dispositive in that it seeks to add two new claims for relief and denial of the Motion to Amend means those claims will not be heard.

> The Magistrate Judge stated that "a motion to amend is a non-dispositive pre-trial motion which an assigned Magistrate judge has authority to decide, subject to appeal under Fed.R.Civ.P. 72" however in this case the motion to amend is a dispositive pre-trial motion as it relates to the two proposed additional Grounds for Relief. Fed.R.Civ.P. 72(a) states in pertinent part:
>
>> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.
>
> Since the pretrial matter is dispositive of a party's claim, i.e. his two additional grounds for relief, the magistrate judge was required to decide this matter under Fed.R.Civ.P 72(b) and make a recommendation and indicate to the parties that they had fourteen days to object to the recommendation, not to appeal it at some date in the future.

(Second Motion, Doc. No. 56, PageID 481.)

28 U.S.C. § 636(b)(1) provides:

> Notwithstanding any other provision of law to the contrary –
>
> (A) a judge may designate a magistrate judge **to hear and** determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit the maintenance of a class

>action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law (emphasis added).

The statute does not preclude a magistrate judge from deciding a motion to amend under Fed. R. Civ. P. 15, which Brunsman argued was the governing rule. Brunsman cites no authority for classifying motions to amend a pleading as dispositive[2]. As with any other magistrate judge decision in a case without plenary consent, a party's rights to decision by an Article III judge are preserved by the right to object. The Magistrate Judge did not act *ultra vires* in deciding the Motion to Amend.

**Brunsman Cannot Establish a Right to Relief on the Basis of Judicial Disqualification**

The Magistrate Judge concluded the correct standard to apply in deciding the Motion to Amend was whether the amendment would be futile, following *Foman v. Davis*, 371 U.S. 178 (1962). The Magistrate Judge further understood that the facts on which the new claims were based were already of record:

>These new claims are not based on conjecture about what might be proved. Instead, Defendant's counsel has attached to the Motion a transcript of a March 10, 2011, hearing before Chief Judge Dlott in which the underlying facts on which the two new claims for relief depend are set forth in a certified record (Doc. No. 53-1, PageID 455-461). Thus the question before the Court is not whether Defendant could prove the facts he pleads, but whether those facts are sufficient to support his two new claims.

(Decision and Order, Doc. No. 55, PageID 469.) In his Second Motion, Brunsman exclaims

---

[2] The circuit courts have expanded the statutory language to include some other matters as dispositive (e.g., denial of leave to proceed *in forma pauperis,* decision on a motion to remand to state court).

3

"[w]hy the Magistrate Judge believed these are the *only* facts to support the two proposed additional grounds is inexplicable." (Doc. No. 56, PageID 478.) Counsel proceeds to mention areas of intended discovery, including what happened at an off-the-record discussion and whether the Chief Judge had "a deep-stead favoritism or antagonism that would make fair judgment impossible." *Id.* at PageID 478-79.

To explain the purportedly inexplicable, Brunsman had not mentioned possible discovery in his Motion to Amend and only included facts which were of record. Discovery in a § 2255 case is not a matter of right, and the Magistrate Judge is unaware of any case in which a convicted federal defendant has been permitted to depose the sentencing judge to find out whether she had "deep-seated antagonism" toward him.

The facts already of record do not begin to support a constitutional claim for disqualification. Compare *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). If Chief Judge Dlott believed the facts of record mandated recusal under 28 U.S.C. § 455, she would have recused herself. Instead, she disclosed the facts to counsel who waived any possible disqualification under the statute.

**Waiver by Counsel Was Effective**

After disclosure of the purportedly disqualifying facts which are already of record, Mr. Brunsman's trial attorney clearly waived any disqualification, as noted in the Decision and Order (Doc. No. 55, PageID 471). Brunsman claimed that this was a decision which he had to make personally and which his attorney could not make on his behalf, but cited no authority for that proposition. In contrast, the Magistrate Judge relied on First Circuit authority to the contrary.

*Id.* citing *Brody v. President & Fellows of Harvard College*, 664 F.2d 10 (1st Cir. 1981), *cert denied*, 455 U.S. 1027 (1982).  In his Objections to the Report and Recommendations on his Motion for Recusal, Brunsman argues that *Brody* is distinguishable.  What the First Circuit said on this point in *Brody* is as follows:

> Appellant's first and principal point is that the district judge, who graduated from defendant Harvard College, was disqualified by 28 U.S.C. § 455(a), which provides that a judge recuse himself if "his impartiality might reasonably be questioned." Appellant acknowledges that the judge disclosed his alumnus status at a pre-trial conference and that his attorney explicitly assented to the judge's continuing with the case. He maintains that his attorney's agreement did not amount to a waiver under section 455(e) since appellant was not present. He also argues that the judge's disclosure was insufficient since it was not "on the record," id., as the conference was not recorded. Appellant also maintains that the disclosure was not "full" in that the judge did not disclaim such matters as any possible prior contact with witnesses or any subjective bias.

Thus the issue raised here – whether an attorney's waiver of a possible disqualification is effective without obtaining the client's consent – was squarely in issue before the First Circuit in *Brody* and decided contrary to Brunsman's position, although the opinion is a summary affirmance and does not discuss the issue.

As opposing authority, Brunsman quotes a dissenting judge in *In re Cargill, Inc.*, 66 F.3d 1256 (1st Cir. 1995), who quoted in his dissent language from then-governing Canon 3D of the Code of Conduct for United States Judges which states that a remittal of disqualification under Canon 3C(1) must be made after an opportunity to confer among parties and their lawyers (Objections, Doc. No. 61, PageID 534).  However, the Code of Conduct is not statutory.  The relevant statute, 28 U.S.C. § 455(e), requires only disclosure of the basis for possible disqualification on the record and not the participation of the client in the waiver decision.  As

the Government points out in response, waiver and even attorney error amounting to a forfeiture of rights is binding on the client. (Memo. In Opp., Doc. No. 59, PageID 526-27, *citing Murray v. Carrier*, 477 U.S. 478 (1986)).

**Conclusion**

Brunsman sought and obtained the recusal of three District Judges in this case pre-judgment. Because his counsel effectively waived any possible disqualification of Chief Judge Dlott, Brunsman should not be permitted to upset his conviction with another disqualification, this time post-judgment. Brunsman's Objections to the Decision and Order (Doc. No. 55) and to the Report and Recommendations on Motion for Recusal (Doc. No. 61) should be overruled.

July 25, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).