# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 1:11-cr-014
                                            Also Case No. 1:13-cv-120

                                            Chief Judge Susan J. Dlott
    -vs-                                        Magistrate Judge Michael R. Merz
                                          :

RICHARD T. BRUNSMAN, JR.,

      Defendant.

## DECISION AND ORDER

       This case is before the Court on Defendant's Third Motion for Leave of Court to Amend his Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (Doc. No. 74) which the United States opposes (Doc. No. 77) and as to which Defendant has filed a Reply in support (Doc. No. 79).

       Under Rule 12 of the Rules Governing § 2255 Proceedings, the Federal Rules of Procedure are applicable to the Motion because there are no inconsistent statutes or rules. The relevant Civil Rule, then, is Fed. R. Civ. P. 15. Because a motion under Fed. R. Civ. P. 15 is a non-dispositive pre-trial motion, it may be decided in the first instance by a Magistrate Judge.

       The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any

> apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). This is the standard the Court applied in denying a prior Motion to Amend by Defendant (Decision and Order, Doc. No. 55).

The United States asserts the proposed Fifth Ground for Relief is futile in the sense that it fails to state a claim upon which relief can be granted under 28 U.S.C. § 2255 (United States' Response, Doc. No. 77). The United States then makes an extended argument as to why the Fifth Ground for Relief is without merit. *Id.* at PageID 861-70. As Defendant points out in his Reply, there is a disagreement on the facts between the two lawyers who represented the parties at the time of the plea (Reply, Doc. No. 79, PageID 874-80). It is inappropriate to resolve what amounts to a credibility dispute on paper submissions. The law favors both determination of claims on the merits and resolution of credibility questions on testimony in open court. Here the Court has already granted Defendant's motion for an evidentiary hearing and the discovery

needed on this new claim has already been conducted.

  Defendant's Motion to Amend is GRANTED.  Not later than October 1, 2014, Defendant shall file a pleading denominated "Defendant's First Amended Motion to Vacate Under 28 U.S.C. § 2255," incorporating all claims for relief which the Court has permitted to proceed. The United States shall file an answer to the First Amended Motion under Rule 5 of the Rules Governing § 2255 Motions not later than October 15, 2014, and Defendant shall file a reply under the same Rule not later than November 1, 2014.  Counsel shall consult with Judicial Assistant Kelly Kopf to obtain a date for the evidentiary hearing.  Counsel for Defendant is reminded that, if Defendant wishes to testify, counsel must file a motion for writ of habeas corpus ad testificandum a month before the hearing.

September 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge