# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,   :

                Case No. 1:11-cr-014
                Also Case No. 1:13-cv-120

      Plaintiff,

                District Judge Susan J. Dlott
                Magistrate Judge Michael R. Merz

    -vs-

RICHARD T. BRUNSMAN, JR.

      Defendant.   :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Objections by the United States (ECF No. 116) to the Magistrate Judge's Amended Report and Recommendations on the Merits ("Report," ECF No. 111).  The Court initially recommitted this matter to the Magistrate Judge for reconsideration based on the Objections, but hereby VACATES the Recommittal Order (ECF No. 118).

Defendant has made no objections to the Report's recommendation that his First, Second, and Fifth Grounds for Relief be dismissed and the time for objecting has expired.  Accordingly, those portions of the Report are ADOPTED[1].

The United States has made timely objection to the Report's recommendation that relief

---

[1] Brunsman has withdrawn his Fourth Ground for Relief (Merit Brief, ECF No. 105, PageID 1875),

1

be granted on Brunsman's Third Ground for Relief[2]. As required by Fed. R. Civ. P. 72(b)(3), the Court reviews that portion of the Report de novo.

In his Third Ground for Relief, Brunsman claimed he received ineffective assistance of trial counsel at sentencing in that defense counsel Edward Perry failed to raise at sentencing the repeated representations of Assistant United States Attorney Timothy Mangan that the Government agreed Mr. Brunsman should be sentenced within the Sentencing Guideline range applicable to the case, to wit 97-121 months. Magistrate Judge Merz conducted an evidentiary hearing in this case and concluded that the representations had been made repeatedly, but that Mr. Mangan had withdrawn the representation shortly before sentencing and the Government recommended the above-Guidelines sentence of 144 months which this Court imposed. The Magistrate Judge also found that Mr. Brunsman had relied on the representations to be persuaded to plead guilty. Mr. Perry admitted he did not raise the representations at sentencing.

The Objections accurately recite the procedural history of the case (ECF No. 116, PageID 1969-78) and the governing legal standard from *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at PageID 1978-79.

The United States argues there was no deficient performance in failing to mention Mr. Mangan's representations at sentencing because they were superseded by the written Plea Agreement and its integration clause (Objections, ECF No. 116, PageID 1980-82). The Magistrate Judge concluded that the Government had not breached the Plea Agreement and rejected Brunsman's Ground for Relief based on that argument. But the Third Ground for Relief goes beyond that. The Magistrate Judge heard testimony from Mr. Perry about the previously good professional relationship between Mr. Perry and Mr. Mangan, about the repeated

---

[2] The Objections erroneously state that the Report did not recommend a decision on the Fifth Ground for Relief. To that contrary, the Report recommends the Fifth Ground for Relief be dismissed as moot (ECF No. 111, PageID 1957).

2

representations from Mr. Mangan that this would be a Guidelines case, and Mr. Perry's sense of damage to the relationship from Mr. Mangan's recommending an upward departure. And while Mr. Brunsman was not legally entitled to insist on a ten-year sentence by the terms of the Plea Agreement, there was nothing in the Plea Agreement to preclude Mr. Perry's arguing at sentencing that the sentence should be within the Guidelines because that is what he had bene led to expect and had conveyed to his client.

The Objections claim Mr. Perry made a strategic decision not to mention the the representations at sentencing (Objections, ECF No. 116, PageID 1982). But Mr. Perry's testimony at the evidentiary hearing does not support this conclusion. Mr. Perry did not defend his failure to raise the point as having been strategic, although he was subject to cross-examination and that question could have been put to him in those exact terms.

With respect to the prejudice prong of the *Strickland* analysis, Brunsman need not prove that a difference in Perry's performance at sentencing certainly would have brought about a different result. As to the prejudice prong of the *Strickland* analysis, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. At sentencing the Court noted that it is known to be a lenient sentencer and rarely follows a Government recommendation for an upward departure from the Guidelines. There is a reasonable probability that, having been reminded that the Government had repeatedly represented to counsel this would be a Guidelines case, the Court would have sentenced within the Guidelines.

While the Court reviews de novo the Report's recommendation on the Third Ground for Relief, it also notes that the Report is based on an evidentiary hearing at which the Magistrate Judge had an opportunity to observe the demeanor and assess the credibility of both Mr. Mangan and Mr. Perry.  As the Sixth Circuit has recently reminded us, "[i]n weighing the credibility of witnesses, trial judges who hear live witnesses are in  the best position to gauge credibility. *Christopher v. United States*, 831 F.3d 737 (6th Cir. 2016).  While appellate judges review transcripts for a living, trial judges assess live witnesses for a living and this "ring-side perspective" must be accounted for on appeal. *Id.,* quoting *United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007).  Some of the same deference to the hearing of live testimony must be given when a Magistrate Judge performs that function.

The Objections of the United States to the Report are OVERRULED and the Report is ADOPTED.  Defendant's sentence is VACATED and the case will be set for re-sentencing.

In the Report, the Magistrate Judge notes a division of opinion and lack of binding authority on the question whether re-sentencing under these circumstances should be before the same or a different District Judge (Report, ECF No. 111, PageID 1956).  The Government takes no position on this point in its Objections, nor has Mr. Brunsman filed any post-Report comment on this matter.  In the context of reviewing § 2255 motions in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), a number of judges of this Court have been called upon to re-sentence defendants who obtained relief under that case and those re-sentencing have been done

by the District Judge initially assigned to the case.  The Court finds no reason to depart from that recent practice.

February 1, 2017

                                                                __s/Susan J. Dlott_____  
                                                                     Susan J. Dlott  
                                                               United States District Judge